IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN ANDRES ORTIZ JUAREZ, | ) | |
| ID # 871392, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:06-CV-0607-K (BH) |
| | ) | ECF |
| BOARD OF DIRECTOR, | ) | Referred to U.S. Magistrate Judge |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

On April 5, 2006, the Court received a three-page document with two one-page attachments in which Mr. Juarez identifies himself as plaintiff and names "Board of Director et al." as defendants. In light of the caption and the allegations regarding harm suffered by the plaintiff while incarcerated, the Court construed the action as arising under 42 U.S.C. § 1983. Because plaintiff had paid no filing fee, submitted no application or motion to proceed *in forma pauperis*, and failed to file his action on the standard form for actions filed under § 1983, the Court issued a Notice of Deficiency and Order on May 12, 2006, in which it granted him twenty days to cure the deficiencies. It specifically directed him to "pay the requisite filing fee or complete and return the enclosed application to proceed *in forma pauperis* with the required certificate of trust account." It specifically warned him that a "[f]ailure to comply with this order will result in a recommendation that the complaint be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)."

On June 9, 2006, the Court received an amended complaint under the cause number for this action, *i.e.*, No. 3:06-CV-607. It also received an application to proceed *in forma pauperis* under this cause number. Both documents, however, identify plaintiff as "Iraq London Monaco" and contain mostly gibberish and nonsensical information. The amended complaint, furthermore, is unsigned and reflects no connection to the original document filed with this Court. In addition, plaintiff has provided no certificate of inmate trust account with the application to proceed *in forma pauperis*.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has failed to comply with the Order of May 12, 2006, that he submit an application to proceed *in forma pauperis* with the required certificate of inmate trust account within twenty days. He has also not paid the filing fee in this action. He has merely filed two mostly nonsensical documents under a different name. The purported amended complaint has no apparent connection to the original document filed in this action. The actions and inaction of plaintiff indicate that he has no current intention to proceed with this case. Accordingly, the Court should dismiss his complaint.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's complaint be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

SIGNED this 22nd day of December, 2006.

                                                    IRMA CARRILLO RAMIREZ
                                                    UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                    IRMA CARRILLO RAMIREZ
                                                    UNITED STATES MAGISTRATE JUDGE